UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-02207-JWH-KES | Date | April 30, 2026 |
| --- | --- | --- | --- |
| Title | *Wenbo Cao v. James Janecha, et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| --- | --- |
| None Present | None Present |

**Proceedings:    ORDER DENYING PETITIONER'S *EX PARTE* APPLICATION [ECF No. 2]**

Before the Court is the *ex parte* Application of Petitioner Wenbo Cao for a Temporary Restraining Order (a "<u>TRO</u>") to enjoin Respondents from continuing to detain him.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support,[2] the Court **DENIES** Cao's Application, for the reasons set forth below.

In view of the high volume of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05 (the "<u>General Order</u>").[3]  Pursuant to the General Order, the Court set a briefing schedule for Cao's Petition: Respondents' answer is due by May 5, 2026, and Cao's reply, if any, is due no later

---

[1]    Pl.-Pet.'s *Ex Parte* Appl. for TRO (the "<u>Application</u>") [ECF No. 2]

[2]    The Court considered the documents of record in this action, including the following papers:  (1) Application; and (2) Pl.-Pet.'s Pet. (the "<u>Petition</u>") [ECF No. 1].

[3]    Notice of General Order 26-05 and Briefing Schedule [ECF No. 7].

**CIVIL MINUTES— GENERAL**                    Initials of Deputy Clerk <u>cla</u>

than May 8, 2026.[4]  In view of the expedited briefing schedule for the underlying Petition and the fact that Cao's Application is based on the same facts as the Petition, the Court is not convinced that emergency relief is necessary.  Any delay that may result from awarding Cao relief based on the Petition alone would be minimal.  Thus, the Court concludes that Cao is not entitled to *ex parte* relief at this time.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (A petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief.").  Accordingly, Cao's Application is **DENIED**.

For those reasons, the Court hereby **ORDERS** as follows:

1.      Cao's instant Application [ECF No. 2] is **DENIED without prejudice**.

2.      Pursuant to General Order No. 05-07, proceedings on the merits of Cao's underlying Petition will **CONTINUE** before the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

---

4       *See id.*